**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,       )
                                          )
                                          )
      v.                        )         Case No. 1110021147
                                            )
                                          )
VICTOR SIMPKINS,        )
                                          )
      Defendant.       )

Date Submitted: October 12, 2023
Date Decided: December 19, 2023

### ORDER SUMMARILY DISMISSING VICTOR SIMPKINS' THIRD MOTION FOR POST CONVICTION RELIEF

Upon consideration of Defendant Victor Simpkins' Third Motion for Postconviction Relief, Superior Court Criminal Rule 61, statutory and decisional law, and the entire record in this case, **IT APPEARS THAT:**

1. On April 11, 2014, Mr. Simpkins pled guilty to Manslaughter and Possession of a Firearm during the Commission of a Felony ("PFDCF").[1]

2. On September 19, 2014, this Court sentenced Mr. Simpkins to twenty-five years of Level V confinement, suspended after ten years with decreasing levels

---

[1] Docket Item ("D.I.") 52 and 61. In denying Mr. Simpkins' previous motions, the Court incorrectly stated that Mr. Simpkins pled no contest to these charges. *See* D.I. 81, 117, and 134. The Court's misstatements to the record do not affect the Court's previous orders. To clarify, Mr. Simpkins pled no contest to charges in Case No. 1105018677 which is not the case at issue.

of supervision for Manslaughter and five years at Level V confinement for PFDCF with no probation to follow.[2]

3.     Mr. Simpkins did not directly appeal his conviction to the Delaware Supreme Court.

4.     Since his judgment of conviction became final,[3] Mr. Simpkins has filed two Motions for Postconviction Relief which were denied,[4] three Motions for Sentence Modification which were denied,[5] a Motion to Withdraw his Guilty Plea which was denied,[6] and a Motion for Correction of an Illegal Sentence which was also denied.[7]

---

[2] D.I. 57.

[3] Mr. Simpkins' judgment of conviction became final thirty days after imposition of his sentence since he did not file a direct appeal. *See* Super. Ct. Crim. R. 61(m)(1).

[4] In his first Motion for Postconviction Relief, Mr. Simpkins asserted a number of claims including his Manslaughter plea was coerced due to his incompetency, trial counsel was ineffective for failing to inform him of the right to appeal or the right to withdraw his guilty plea, that he had made positive progress in the current rehabilitation process, and double jeopardy. D.I. 78. Mr. Simpkins' motion was procedurally barred due to untimeliness under Super. Ct. Crim. R. 61(i)(1) with no applicable exceptions. D.I. 81. Mr. Simpkins' second Motion for Postconviction Relief was also summarily dismissed for failing to overcome the timeliness requirement without asserting an applicable right under Rule 61. D.I. 117. On February 24, 2022, Mr. Simpkins appealed the Summary Dismissal of his Second Motion for Postconviction Relief asking the Supreme Court to review his claims of due process violations and a "true miscarriage of justice." D.I. 126. On July 1, 2022, the Supreme Court issued a Mandate affirming this Court's ruling based on the reasoning included in the Summary Dismissal. D.I. 129.

[5] D.I. 62 and 63; D.I. 70 and 71; D.I. 94 and 96.

[6] D.I. 108 and 109.

[7] D.I. 133 and 134. Mr. Simpkins appealed this Court's denial of his Motion for Correction of an Illegal Sentence. D.I. 135. The Delaware Supreme Court issued a

5. On October 12, 2023, Mr. Simpkins filed the instant Third Motion for Postconviction Relief, (the "Motion") claiming the existence of newly discovered evidence that establishes his actual innocence under Rule 61. Specifically, Mr. Simpkins claims Faion Howell, a witness of the shooting, saw him leave the area before the shooting occurred—proving that he did not shoot the victim.[8]

6. A motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[9] If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless the defendant can establish that the procedural bars are inapplicable under Rule 61(d)(2).[10] Before addressing the merits of any claim of postconviction relief, the Court must determine whether the Motion is procedurally barred under Rule 61(i).[11]

7. Here, the Motion is procedurally barred under Rule 61(i)(1) for untimeliness. Mr. Simpkins filed the Motion approximately nine years after his final

Mandate dismissing the appeal as Mr. Simpkins failed to file an Opening Brief. D.I. 141.

[8] D.I. 138 at 6. Mr. Simpkins contemporaneously filed a Motion for Appointment of Counsel on October 12, 2023. D.I. 139.

[9] Super. Ct. Crim. R. 61(i)(1)-(4).

[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (concluding defendants postconviction claims were procedurally barred and, therefore, did not address the merits of the issues contained in the postconviction motion); *see also, State v. Taylor*, 2016 WL 1714142, at *3 (Del. Super. April 26, 2016).

[11] *Id*.

judgment of conviction. Rule 61(i)(2) also bars Mr. Simpkins' motion because this is his Third Motion for Postconviction Relief. Under this Rule, no second or subsequent motion is permitted unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.[12]

8. Though Mr. Simpkins contends Mr. Howell's statement is new evidence that creates a strong inference of his actual innocence, the exception under Rule 61(d)(2)(i) that would allow its admission is inapplicable since Mr. Simpkins was not convicted after a trial but rather a guilty plea. Since Rule 61 does not include language relating to newly discovered evidence and subsequent motions after a defendant pleads guilty, the Motion is procedurally barred.[13]

---

[12] The pleading requirements of Superior Court Criminal Rule 61(d)(2)(i)-(ii) provides, in pertinent part:
> (2) *Second or subsequent postconviction motions.* A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

[13] D.I. 52.

For the foregoing reasons, Victor Simpkins' Third Motion for Postconviction Relief is **SUMMARILY DISMISSED**. Mr. Simpkins' Motion for Appointment of Counsel is now **MOOT**.

**IT IS SO ORDERED.**

/s/Patricia A. Winston
**Patricia A. Winston, Judge**

Original to Prothonotary (Criminal Division)
cc:     John W. Downs, Esquire, Department of Justice
          Eugene J. Maurer, Esquire
          Andrew Vella, Esquire
          Victor Simpkins (SBI No. #00526532)